UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
BRUCE SIMMONS,

                   Plaintiff,

                                                MEMORANDUM AND ORDER

          -against-                                20-CV-648 (RPK) (RML)

UNITED STATES OF AMERICA, EZRAT
ISRAEL, INC., and SAMUEL LIPSKER,

                   Defendants.
------------------------------------------------------------x

RACHEL P. KOVNER, United States District Judge:

     Plaintiff Bruce Simmons filed this lawsuit in state court.  He raised negligence claims

stemming from a car crash against three defendants.  One of the three defendants was a federal

employee acting within the scope of his employment at the time of the accident.  Accordingly, the

United States substituted itself for the employee as defendant, removed the case to federal court,

and has now moved to dismiss the claim against it.  Mr. Simmons and the United States have

agreed that the claim against the United States should be dismissed and that the claims against the

remaining defendants should be remanded to state court.  But one of the remaining defendants,

Samuel Lipskier, disagrees.  He asks that I retain jurisdiction over Mr. Simmons' claim against

Mr. Lipskier and over a cross-claim that Mr. Lipskier filed in state court seeking contribution from

the United States.  I determine that I lack the authority to do so.  Accordingly, Mr. Simmons' claim

against the United States is dismissed with prejudice, Mr. Simmons' remaining claims are

remanded to Kings County Supreme Court, and Mr. Lipskier's cross-claim is dismissed without

prejudice.

BACKGROUND

Mr. Simmons filed this lawsuit in Kings County Supreme Court.  He asserts that he was injured when a government-owned vehicle being driven by Arcelio Torres, in which Mr. Simmons was a passenger, collided with a vehicle being driven by Samuel Lipskier.  The complaint named as defendants Mr. Torres, Mr. Lipskier, and Ezrat Israel, Inc., which employed Mr. Lipskier and owned the vehicle he was driving during the accident.  Mr. Simmons seeks damages for negligence under New York law.

The United States substituted itself as a defendant in place of Mr. Torres under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671 *et seq.*, and removed the case to federal court under 28 U.S.C. § 1442(a)(1).  The notice of removal explained that Mr. Torres was a federal Bureau of Prisons employee acting within the scope of his employment when the car accident occurred.  *See* Notice of Removal Ex. B 1 (Dkt. #1).  Accordingly, the United States was substituted for Mr. Torres by operation of law under the FTCA.  *See* 28 U.S.C. § 2679(d)(2).  The United States was authorized to remove the action to federal court under 28 U.S.C. § 1442(a)(1). *See* Notice of Removal ¶ 4.

After removing the case, the United States sought to dismiss the claim against it.  *See* Letter Motion for Pre-Motion Conference (Dkt. #3).  The United States' letter explained that this Court lacked jurisdiction over Mr. Simmons' claim against the United States because the Kings County Supreme Court—where Mr. Simmons had filed suit—lacked jurisdiction to adjudicate tort claims against the federal government. *Id.* at 2.  The letter also explained that Mr. Simmons' claim against the United States would be time-barred under the FTCA because Mr. Simmons had not filed his claim within six months of the date when the BOP denied Mr. Simmons' administrative claim

2

arising from the car accident. *Id.* at 2-3. Mr. Simmons has not disputed these points. He has entered into a stipulation voluntarily dismissing his claim against the United States with prejudice and agreeing to remand his remaining claims to state court. *See* Letter Response to United States' Request for Pre-Motion Conference (Dkt. #7).

Co-defendant Lipskier objects to that disposition. Mr. Lipskier states that when he filed an answer in state court, he included a cross-claim seeking contribution and indemnification from the United States "in accordance with the United States' proportionate share of fault for the alleged accident." Reply in Opp'n to Defendant United States' Pre-motion Conference Request 2 (Dkt. #5). He suggests that the Court should exercise jurisdiction over Mr. Simmons' claim against Mr. Lipskier and Mr. Lipskier's cross-claim against the United States, and should allow Mr. Lipskier to file and serve a third-party complaint under Federal Rule of Civil Procedure 14 that would seek indemnification from the United States. *See* Reply in Opp'n 2-3 (Dkt. #11).

Because Mr. Simmons has agreed to dismiss his claim against the United States, the sole question presented is whether the Court should exercise jurisdiction over any of Mr. Simmons' claims against the remaining defendants and over Mr. Lipskier's cross-claim against the United States.

## DISCUSSION

Consistent with the agreement between Mr. Simmons and the United States, Mr. Simmons' claim against the United States is dismissed with prejudice. I also remand the remaining claims to state court because I lack the authority to adjudicate them. As explained below, I lacked jurisdiction over the claims in the original complaint. And under those circumstances, neither Mr. Lipskier's cross-claim nor principles of supplemental jurisdiction allow me to adjudicate any part of this action.

None of the claims in Mr. Simmons' complaint created federal jurisdiction to adjudicate this lawsuit.  Mr. Simmons' complaint contains exclusively state law claims. There is no basis for me to adjudicate those claims based on diversity of citizenship because both Mr. Simmons and Mr. Lipskier are citizens of New York.  *See* Notice of Removal Ex. A 2-3; *see also Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 554 (2005) ("In a case with multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action.").  Nor did the substitution of the United States as a party furnish a basis for federal jurisdiction over this case.  The FTCA vests exclusive jurisdiction over tort claims against the United States in the federal district courts.  *See* 28 U.S.C. § 1346(b).  As a consequence, the state court in which this suit was brought lacked jurisdiction to adjudicate Mr. Simmons' claim against Mr. Torres—which was, by operation of law, a claim against the United States.  Under the doctrine of derivative jurisdiction, because the state court lacked jurisdiction over that claim, this Court also lacks jurisdiction over the claim after removal—"even where the federal court would have [had] jurisdiction" if the claim had been brought in federal court in the first instance.  *PT United Can Co. v. Crown Cork & Seal Co.*, 138 F.3d 65, 72-73 (2d Cir. 1998) (quoting *Freeman v. Bee Machine Co.*, 319 U.S. 448, 449 (1943)).[1]  This Court therefore lacks jurisdiction over any of Mr. Simmons' claims.

---

[1] Congress altered the ordinary derivative-jurisdictional rule for cases removed to federal court under one statutory section—28 U.S.C. § 1441. *See* 28 U.S.C. § 1441(f) ("The court to which a civil action is removed *under this section* is not precluded from hearing and determining any claim in such civil action because the State court from which such civil action is removed did not have jurisdiction over that claim.") (emphasis added).  But this case was removed under a different provision—28 U.S.C. § 1442—which contains no similar language.  Accordingly, as courts in this circuit have consistently recognized, the ordinary rule of derivative jurisdiction remains applicable to removals under Section 1442. *See Mooney v. G.A.C. Realty Corp.*, No. 14–CV–6207–FPG, 2015 WL 1010486, at *3 (W.D.N.Y. Mar. 5, 2015) (collecting cases).

Moreover, Mr. Lipskier did not create federal jurisdiction by asserting a cross-claim against

the United States in his answer. Federal jurisdiction must be predicated on the allegations in the

complaint. *See In re Agent Orange Prod. Liab. Litig.*, 635 F.2d 987, 990 n.6 (2d Cir. 1980)

(explaining that subject matter jurisdiction cannot be created by impleading the United States); *see*

*also Bryant v. Steele*, 25 F. Supp. 3d 233, 241 (E.D.N.Y. 2014) ("A federal court has subject matter

jurisdiction only when it has authority to adjudicate the cause pressed in the complaint.").

Under these circumstances, contrary to Mr. Lipskier's suggestions, the Court cannot

exercise jurisdiction over any of the claims here based on principles of supplemental jurisdiction.

The Second Circuit has explained that "[i]n order to exercise supplemental jurisdiction, a federal

court must first have before it a claim sufficient to confer subject matter jurisdiction." *Montefiore*

*Med. Ctr. v. Teamsters Local 272*, 642 F.3d 321, 332 (2d Cir. 2011). In this lawsuit, as explained

above, such a claim is lacking. The authorities on which Mr. Lipskier relies are inapposite. In

those cases, unlike in this one, the district court determined that it had subject matter jurisdiction

based on the claims in the complaint. *See Parker v. Della Rocco*, 252 F.3d 663, 665-66 (2d Cir.

2001) (finding that the district court "properly exercised removal jurisdiction")[2]; *Philadelphia*

*Indemnity Ins. Co. v. United States*, Case No. 3:13-cv-00987-VLB, 2014 U.S. Dist. LEXIS

137632, at *1-2 (D. Conn. Sept. 30, 2014) (denying defendant's motion to dismiss for lack of

subject matter jurisdiction); *Raybestos-Manhattan, Inc. v. United States*, Civil No. H-78-416, 1979

U.S. Dist. LEXIS 14402, at *15 (D. Conn. Feb. 15, 1979) (same). Additionally, *Raybestos* and

*Philadelphia Indemnity* were freestanding indemnification actions against the United States and

---

[2] The *Parker* court found that the district court had jurisdiction over plaintiff's FTCA claims on removal even though plaintiff's claims were removed under Section 1442. 252 F.3d at 664-66. Under the rule of derivative jurisdiction articulated by the Second Circuit in *PT United Can Co.*, the district court did not have jurisdiction over these claims. 138 F.3d at 72-73. However, in *Parker*, derivative jurisdiction was neither discussed in the district court's opinion nor examined by the Second Circuit on appeal. Accordingly, there is no indication that *Parker* intended to upset the derivative jurisdiction rule followed by the Second Circuit in *PT United Can Co.* Courts in this circuit have continued to apply that rule post-*Parker*. *See Mooney*, 2015 WL 1010486, at *3.

therefore did not involve the exercise of supplemental jurisdiction at all.  As the Second Circuit acknowledged in *Parker*, federal courts have no discretion to assert supplemental jurisdiction when, as here, there was no basis for the federal court to exercise jurisdiction in the first place. 252 F.3d at 666.

## CONCLUSION

Mr. Simmons' claim against the United States is dismissed with prejudice and his claims against the nonfederal defendants are remanded to state court.  Defendant Lipskier's cross-claim against the United States is dismissed without prejudice and may be asserted in a separate action for indemnification or contribution should defendant Lipskier be found liable for plaintiff's damages in the state court action.  *See A.Q.C. ex rel. Castillo v. Bronx-Lebanon Hosp. Ctr.*, No. 11 Civ. 2656 (NRB), 2012 WL 170902, at \*6 (S.D.N.Y. 2012).  As plaintiff's claim against defendant Lipskier is remanded to state court, his request for leave to file a Rule 14 third-party complaint against the United States is denied.

SO ORDERED.

 /s/  Rachel Kovner
RACHEL P. KOVNER
United States District Judge

Dated:        Brooklyn, New York
              June 22, 2020

6